**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

GIANNA COCHRAN,

    Petitioner,

- vs -
    Case No. 2:18-cv-1282
    District Judge George C. Smith
    Magistrate Judge Michael R. Merz

TERI BALDAUF, Warden,
Ohio Reformatory for Women,

    Respondent.

## OPINION AND ORDER

This habeas corpus case, brought by petitioner Gianna Cochran with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 12).

When a litigant makes specific objections to a Magistrate Judge's Report and Recommendations, the District Judge is to review them *de novo* pursuant to Federal Rule of Civil Procedure 72(b). Having conducted that de novo review, the Court **OVERRULES** the Objections and **ADOPTS** the Magistrate Judge's Report and Recommendations.

Petitioner was convicted in a bench trial on twelve counts of endangering children. Having completed the required state court procedures to exhaust available remedies, she filed her habeas corpus petition here on October 25, 2018, pleading the following grounds for relief:

> **Ground One:** The Petitioner was denied due process when she was convicted without sufficient evidence to support said convictions.

> **Supporting Facts:** The state failed to presented [sic] sufficient evidence to support the 9 convictions to Child Endangering.
>
> **Ground Two:** Petitioner was deprived of her 5th and 14th Amendment rights when the trial court violated the Sentencing Package doctrine.
>
> **Supporting Facts:** [T]he trial court violated Due Process when it intentionally imposed a 25-year sentence as part of a "package" in violation of the Sentencing-Package doctrine.
>
> **Ground Three:** Petitioner was deprived [of] effective assistance of counsel when counsel failed to present exculpatory evidence.
>
> **Supporting Facts:** Trial counsel failed to present evidence that would have made a difference in the conviction.

(Petition, ECF No. 1, PageID 6, 8, 9).

## I. ANALYSIS

### A. Ground One: Insufficient Evidence

In her First Ground for Relief, Ms. Cochran claimed she was convicted on constitutionally insufficient evidence. The Magistrate Judge rejected Respondent's procedural default defense, but concluded that the merits decision of the Tenth District was neither an objectively unreasonable application of Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (Report, ECF No. 12, PageID 820-32).

While acknowledging that the trial court had video footage to review of the alleged offenses, Petitioner objects to deference to the state court findings of fact. She states that the Report's "logic is flawed and would dismiss the federal court's jurisdiction to completely defer on substantive matters. There is a difference between reasoned deference and blind acceptance. The trial court's findings were not supported by evidence beyond a reasonable doubt." (Objections, ECF No. 16, PageID 846). This objection is completely conclusory. The authority cited by the

Magistrate Judge requires a habeas court to defer to state court fact findings unless they are unreasonable (Report, ECF No. 12, PageID 821, citing *Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008)). The Supreme Court has made it clear that a claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), such as Petitioner's Ground One, is especially hard to sustain. *Jackson*, 443 U.S. at 319. If a conviction may be sustained on circumstantial evidence along, how much more a conviction based on video recorded evidence of the offenses?

Petitioner's objections as to Ground One are not well taken.

**B.      Ground Two: Violation of the Sentencing Package Doctrine**

Petitioner has withdrawn the Second Ground for Relief (Traverse, ECF No. 10, PageID 810).

**C.      Ground Three:  Ineffective Assistance of Trial Counsel**

In her Third Ground for Relief, Petitioner claims her trial attorney provided constitutionally ineffective assistance when he failed to present Judge Christopher Geer as a witness (Traverse, ECF No. 10, PageID 810). The Report recites the governing standard for ineffective assistance of trial counsel from *Strickland v. Washington*, 466 U.S. 668 (1984), but concludes the state court decision was not an unreasonable application of *Strickland* (Report, ECF No. 12, PageID 833-36).

The Report notes that this claim was first pleaded in Cochran's petition for post-conviction relief where Petitioner characterized Judge Geer as a person who would "offer an expert opinion on what was depicted in the video-recording." (Petition, State Court Record, ECF No. 4, PageID 247). In Ohio practice, the petition for post-conviction relief was heard by the same judge who evaluated the video evidence at trial. In denying the petition, Judge Cain found that Cochran had

not provided an affidavit from Judge Geer about any projected testimony (Decision on Petition, State Court Record, ECF No. 4, PageID 292). He also found Judge Geer's involvement was only as to Cochran's children, not any of the other victims, making any projected testimony "almost totally irrelevant." *Id.* at 292-93. Finally, he noted that expert testimony is not appropriate, at least in a case like this, to assist a trial judge in evaluating the conduct he or she has seen on video. *Id.* at PageID 293. On appeal, the Tenth District Court of Appeals agreed the testimony would have been almost totally irrelevant, but upheld the procedural ruling as well. The Magistrate Judge concluded it would be very unusual practice to have one trial judge testify before another "to tell the trial judge whether or not what he can see for himself constitutes child endangerment." (Report, ECF No. 12, PageID 836).

Petitioner objects that the testimony of Judge Geer that there was no child abuse "would have help[ed to] remedy the poisoned waters affected [sic] by Detective Moore[,]" who testified this was the worst case of child abuse he had seen (Objections, ECF No. 16, PageID 847). But the Objections make no response to the absence of any proof (1) that Judge Geer was willing to testify; or (2) that standard professional practice among defense counsel at the time would have involved calling another judge as an expert in these circumstances.

Petitioner has not shown that failure to call Judge Geer as a witness constituted ineffective assistance of trial counsel. Ground Three will also be dismissed.

## II. CONCLUSION

Having reviewed the Objections de novo, the Court finds they are not well taken. The Objections are accordingly **OVERRULED** and the Magistrate Judge's Report is **ADOPTED AND AFFIRMED**. The Petition is ordered **DISMISSED WITH PREJUDICE** and the Clerk will enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

The Clerk shall remove Documents 12 and 16 from the Court's pending motions list and enter final judgment.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**